Hall, J.
delivered the opinion of the Court:
It seems to us, that the proper judgment to be entered against the heirs, under the act of 1784, ch. 11, §2, should be against the lands descended in the hands of the heir, although the heir refuses or omits to point out the lands that have descended. The act directs a sci. fa. to issue against the heirs, to shew cause why execution should not issue against the real estate of the deceased debtor, and then declares, that “if judgment shall pass against the heirs or *286 "devisees, or any of them, execution shall and may issue “against the real estate of the deceased debtor in the hands “of such heirs, &c.” The act of 1789, ch. 39, §3, declares, that “where an heir or devisee shall be liable to pay the “debt of an ancestor, or testator, and shall sell, alien, or “make over the land, which makes them liable to such “debts, before action brought or process sued out against “them, such heir, or devisee, shall be answerable for such “debt to the value of such land so sold, &c.” Under this act, where it appears that the lands have been, bona fide sold by the heir or devisee, before sci. fa. sued out, the debt for which the land would have been otherwise liable, becomes their own debt, and judgment must be entered against them, as if sued at common law, and they had omitted to point out the lands descended. Thus, under these two acts, it would appear, that the lands, so descended, or devised, are liable to the demands of creditors, except when bona fide sold, in which case, the heir or devisee is liable in propria persona for the amount of such sales. No mischief can arise from such a construction. All lands will be liable under such judgment, that ought of right to go in discharge of an honest debt, due by the ancestor or testator. If they have been bona fide sold, before the sci. fa. issued, they are not liable: if fraudulently sold, and in point of fact not in the hands of the heir or devisee, they are still liable to the demands of creditors. If they have been sold to satisfy another debt of the ancestor under a prior lien, they of course, are not liable; nor would they be, if sold bona fide to satisfy the debt of the heir or devisee. In which case, I apprehend, the heir or devisee, under the spirit of the act of 1789, would be liable as if they themselves had aliened them. Such judgments will not affect the rights of third persons not parties to them. When executions issue from them, plaintiffs must at their peril sell such lands as are liable to their demands; and all lands which have descended or have been devised, are so liable, unless they have legally *287 passed into other hands. The plea states, that the defendant had nothing by descent, at the time the sci. fa. issued. If he ever had any lands by descent or devise, it has not been shewn either by him, or the plaintiff, what has become of them, so as to make it necessary to render judgment accordingly; to give judgment against the heir, for instance, in case of alienation by him. The plaintiff replies, that lands had been devised, which is admitted by the plea, if so, he is entitled to judgment and execution against them.